SUMMARY ORDER
Faton, Zoga, and Teuta Skudrinja, though counsel, petition for review of a BIA decision affirming the decision of an immigration judge (“IJ”) denying Faton’s application for asylum and withholding of deportation. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
This Court reviews the IJ’s decision where, as here, the BIA summarily adopted or affirmed the IJ’s decision without opinion. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Jin Hui Gao v. United States Att’y Gen., 400 F.3d 963, 964 (2d Cir.2005); Zhou Yun Zhang v. U.S. INS, 386 F.3d 66, 73 (2d Cir.2004); Ramsameachire v. Ashcroft, 357 F.3d 169, 177 (2d Cir.2004); Secaida-Rosales v. INS, 331 F.3d 297, 306-07 (2d Cir.2003); Diallo v. INS, 232 F.3d 279, 287 (2d Cir.2000).
In this case, Skudrinja presented no evidence other than his own testimony, his wife’s testimony, and his asylum application, filed in 1992, to support his claim. Although an applicant’s testimony alone sometimes can be sufficient to meet the burden of proof (see 8 C.F.R. § 208.13(a)), corroboration should be provided when it is reasonable to expect it. In re S-M-J-21 I. & N. Dec. 722, 725-26, 1997 WL 80984 (BIA 1997). Here, despite being given a list of documents to procure, explicit warnings about the importance of corroboration, and ample time to produce it, Skudrinja produced no documentary evidence. The IJ was justified in holding Skudrinja’s testimony to a strict standard of consistency and persuasiveness in the absence of such proof. See Diallo, 232 F.3d at 287-88.
The IJ was also justified in finding that Skudrinja’s testimony did not meet that standard. His testimony was inconsistent with his asylum application with respect to each allegation of past persecution. He mentioned his brother’s arrest twice in his application, stating that it took place in June 1987 and listing the duration, alternately, as “3 1/4 months” and “105 days.” In court, however, he stated that his brother was arrested in May 1985 and kept in jail for six months. Skudrinja made this allegation central to his claim by stating that his brother’s arrest inspired him to leave Yugoslavia in 1987. He also testified that the police searched his house, interrogated him frequently about his acquaintances and activities, and caused some of his friends to disappear. However, in his application, he indicated that he had never been detained or interrogated, and added that he always avoided the police. To date, he has failed to provide a reasonable *176 explanation for this inconsistency. Likewise, he has failed to explain why he wrote in his application (and his wife confirmed) that he was fired and replaced by a Macedonian, yet he testified that he was replaced by an Albanian agent for the secret police. These inconsistencies all go to the heart of his claim of past persecution based on his Albanian ethnicity, and therefore they were a proper basis for finding him incredible.
The record also supports the IJ’s adverse credibility finding with respect to Skudrinja’s fear of future persecution in Macedonia. In his application, he implied that he feared the authorities would punish him if they found out about his advocacy activities with the Democratic League of Kosovo in the United States. However, he did not mention these activities in his testimony, and implied that his only concerns about returning to Macedonia related to limited employment and housing opportunities. This factor provided additional probative evidence supporting the IJ’s adverse credibility finding and subsequent denial of asylum and withholding.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).